■ JAMES R. GIBSON et al., Respondents, v WORTHINGTON DIVISION OF McGRAW-EDISON COMPANY, Appellant. WORTHINGTON DIVISION OF COOPER INDUSTRIES, INC., Formerly WORTHINGTON DIVISION OF McGRAW-EDISON COMPANY, Third-Party Plaintiff-Appellant, v EDWARD M. ZIEGLER CO., INC., Third-Party Defendant-Respondent. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following memo-

randum: Defendant and third-party plaintiff Worthington Division appeals from a judgment entered upon a jury verdict awarding plaintiffs damages for violation of section 240 (1) of the Labor Law. The trial was on damages only, since plaintiffs had been previously granted partial summary judgment on liability (see, Gibson v Worthington Div., 140 Misc 2d 188, affd 142 AD2d 991). Defendant argues that the verdict was excessive.

The award for pain and suffering did not deviate materially from what would be reasonable compensation (see, CPLR 5501 [c]). Mr. Gibson suffered serious and permanent injuries including brain damage, fractures of his skull, shoulder, vertebrae and ribs and a narrowing of his spinal cord. Moreover, expert medical testimony established that Mr. Gibson suffered objectively verified neurological damage. The award to Mrs. Gibson on her derivative cause of action was not excessive (see generally, Millington v Southeastern Elevator Co., 22 NY2d 498, 502-503). She underwent hip replacement surgery shortly before her husband's accident and required more of his attention and care. Moreover, she testified that his injuries caused an almost total loss in their sexual relationship. Defendant failed to preserve for review its contention that the verdict was inconsistent. The award for lost earnings and future impairment of earnings was not excessive. However, the award of $185,500 for past impairment of earnings is excessive and should be reduced to $80,000 since Mr. Gibson earned, at most, annual bonus money of approximately $20,000 and likely would not have earned more in the four-year period between 1983 when he was injured and 1987 when he retired.

Defendant also appeals from an order which denied its motion for partial summary judgment against third-party defendant Edward M. Ziegler Co., Inc. on its third-party complaint for indemnification. The court properly denied defendant's motion because it did not establish, as a matter of law, that the third-party defendant was negligent. (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—negligence.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.